[No. 37281.   Department Two.   March 12, 1964.]

JUDITH R. BECK, *Appellant*, v. JOHN FRED ANDREW BECK, *Respondent.**

*Butler & Yencopal,* for appellant.

DENNEY, J.†—Appellant, Judith R. Beck, obtained a divorce from respondent, John Fred Andrew Beck, in the Superior Court of Benton County on July 27, 1961. Appellant was awarded custody of their daughter, Julia Marie Beck, then almost 3 years of age.

On July 19, 1962, after hearing pursuant to respondent's petition to modify the decree, the trial court awarded custody of the child to the respondent. No findings of fact or conclusions of law were entered. The order provided; *inter alia,* ". . . this matter shall be brought forth for further hearing hereon six (6) months from date hereof." An appeal from this order was dismissed on January 28, 1963, pursuant to stipulation of the parties.

Thereafter, a further hearing was held in the superior court at which time testimony was adduced by both parties.

*Reported in 390 P. (2d) 1.

†Judge Denney is serving as a judge pro tempore of the Supreme Court pursuant to Art 4, § 2(a) (amendment 38), state constitution.

Without signing any findings of fact or conclusions of law, the trial court entered the following order on May 21, 1963:

"ORDERED, ADJUDGED AND DECREED that the order of this Court granted and entered herein on July 19, 1962, continue unchanged, and that the same is hereby in all respects ratified and confirmed; and it is further

"ORDERED that this matter shall be brought on for further hearing six months from the date hereof."

A direct appeal from this order is now before this court.

Respondent has made no motion to dismiss this appeal, on the ground that the order was temporary in nature. *Munroe v. Munroe,* 47 Wn. (2d) 391, 287 P. (2d) 482. Indeed, respondent has made no appearance in this court.

In view of the fact that the date to which the case was continued is now past, and in view of the fact that no findings of fact or conclusions of law were made to support either order modifying the original divorce decree, no good purpose would be served by determining whether or not direct appeal will lie from the order of May 21, 1963, or in determining whether or not there was an abuse of judicial discretion in continuing the matter a second time. While sound judicial discretion often demands a continuance and additional evidence in order to determine what will be best for a child,[1] we are convinced that both parties to this action are entitled to a decree under which either or both may secure a review in this court. *Munroe v. Munroe, supra.*

The case is therefore remanded to the Superior Court of Benton County, which court is directed to take testimony on the situation as it then exists, make findings of fact, conclusions of law and enter a final decree relative to the custody of Julia Marie, which will best serve her welfare

---

[1] All custody orders are subject to modification upon a showing of material changes in circumstances affecting the welfare of a child or children. RCW 26.08.110; *Kehus v. Euteneier,* 59 Wn. (2d) 188, 367 P. (2d) 27.

and which may be expeditiously reviewed by this court under Rule on Appeal 57 (b) (1), 61 Wn. (2d) xv.[2]

HILL, FINLEY, WEAVER, and HAMILTON, JJ., concur.

*Reported in 385 P. (2d) 393.

---

[2]"(b) In addition to the writs that may be issued pursuant to (a) of this rule, an aggrieved party may petition the Supreme Court for review of any final determination made by a superior court in any action or proceeding in which one or more of the following are present:

"(1) *Custody*. Where the determination concerns the custody of a minor."